UNITED STATE DISTRICT COURT
DISTRICT OF MINNESOTA

---

Jeffery Burridge,                                    Case No: 06-CV-4776 DWF/AJB

              Plaintiff,

v.                                                   **ANSWER TO COMPLAINT**

Zoll Medical Corporation,

              Defendant.

---

   Defendant Zoll Medical Corporation for its Answer to Plaintiff's Complaint, states

as follows:

   1.   Deny each and every matter and thing alleged in Plaintiff's Complaint except as

admitted or qualified hereinafter.

   2.   As to paragraph 1 of the Complaint, Defendant states that it is without sufficient

knowledge to either admit or deny this allegation.

   3.   As to paragraph 2 of the Complaint, Defendant admits that Zoll Medical Corporation

(hereinafter "Zoll") is a Massachusetts corporation, doing business in the City of Minneapolis,

County of Hennepin, State of Minnesota.  Defendant conducts business in Hennepin County and

throughout the State of Minnesota.

   4.   As to paragraph 3 of the Complaint, Defendant admits that Plaintiff was hired by

Defendant in December 2002 as a Territory Manager.  Plaintiff has background.  As to the

remainder of the paragraph, Defendant specifically denies and puts Plaintiff to strict proof

thereof.

5.  As to paragraph 4 of the Complaint, Defendant states that it is without sufficient knowledge to either admit or deny this allegation.

6.  As to paragraph 5 of the Complaint, Defendant states that it is without sufficient knowledge to either admit or deny this allegation.

7.  As to paragraph 6 of the Complaint, Defendant admits in January of 2005, Defendant announced a reduction in its sales force. As a result, Defendant asked Plaintiff to move to Michigan.

8.  As to paragraph 7 of the Complaint, Defendant admits Plaintiff accepted the offer to take over the Michigan sales territory.  As to the remainder of Plaintiff's allegations,  Defendant states that it is without sufficient knowledge to either admit or deny this allegation.

9.  As to paragraph 8 of the Complaint, Defendant specifically denies Plaintiff's allegation as set forth and puts Plaintiff to strict proof thereof.

10.  As to paragraph 9 of the Complaint, Defendant specifically denies Plaintiff's allegation as set forth and puts Plaintiff to strict proof thereof.

11.  As to paragraph 10 of the Complaint, Defendant specifically denies Plaintiff's allegation as set forth and puts Plaintiff to strict proof thereof.

12.  As to paragraph 11 of the Complaint, Defendant states that it is without sufficient knowledge to either admit or deny this allegation.

13.  As to paragraph 12 of the Complaint, Defendant states that it is without sufficient knowledge to either admit or deny this allegation.

14.  As to paragraph 13 of the Complaint, Defendant states that it is without sufficient

knowledge to either admit or deny this allegation.

15.   As to paragraph 14 of the Complaint, Defendant admits that on November 14, 2005, Plaintiff informed Human Resources about emails. As to the remainder of Plaintiff's allegations, Defendant specifically denies and puts Plaintiff to strict proof thereof.

16.   As to paragraph 15 of the Complaint, Defendant states that it is without sufficient knowledge to either admit or deny this allegation.

17.   As to paragraph 16 of the Complaint, Defendant specifically denies Plaintiff's allegations as set forth and puts Plaintiff to strict proof thereof.

18.   As to paragraph 17 of the Complaint, Defendant admits on November 22, 2005, Plaintiff received a letter from Defendant, setting his last day of work at the end of the calendar year.

19.   As to paragraph 18 of the Complaint, Defendant specifically denies Plaintiff's allegations as set forth and puts Plaintiff to strict proof thereof.

20.   As to paragraph 19 of the Complaint, Defendant repeats and realleges paragraphs 1-19 above as if fully set forth herein.

21.   As to paragraph 20 of the Complaint, Defendant specifically denies and puts Plaintiff to strict proof thereof.

22.   As to paragraph 21 of the Complaint, Defendant  specifically denies and puts Plaintiff to strict proof thereof.

23.   As to paragraph 22 of the Complaint, Defendant  specifically denies and puts Plaintiff to strict proof thereof.

24.   As to paragraph 23 of the Complaint, Defendant  specifically denies and puts

Plaintiff to strict proof thereof.

25.   As to un-numbered paragraph of the Complaint, Defendant repeats and realleges paragraphs

1- 24 above as if fully set forth herein.

26.   As to paragraph 25 of the Complaint, Defendant  specifically denies and puts Plaintiff to strict proof thereof.

27.   As to paragraph 26 of the Complaint, Defendant  specifically denies and puts Plaintiff to strict proof thereof.

28.   As to paragraph 27 of the Complaint, Defendant  specifically denies and puts Plaintiff to strict proof thereof.

29.   As to paragraph 28 of the Complaint, Defendant  specifically denies and puts Plaintiff to strict proof thereof.

30.   As to paragraph 29 of the Complaint, Defendant  specifically denies and puts Plaintiff to strict proof thereof.

## AFFIRMATIVE DEFENSES

31.   That for an affirmative defense, Defendant states that Plaintiff fails to state a claim for which relief can be granted.

32.   That as a further affirmative defense, Defendant states that Plaintiff's claims are barred as a result of waiver.

33.    That as a further affirmative defense, Defendant states that Plaintiff's claims are barred as a result of a failure to mitigate.

34.    That as a further affirmative defense, Defendant states that Plaintiff's claims are

4

being asserted in bad faith as to any and all issues asserted within Plaintiff's Complaint.

35.   That as a further affirmative defense, Defendant states that Plaintiff's claims are

barred by virtue of the Statue of Frauds.

36.   That as a further affirmative defense, Defendant states that Plaintiff has suffered no

loss of job benefits and any alleged harm that was caused was not caused by the incidents cited.

WHEREFORE, Defendant Zoll requests that this Court award the following relief:

1. That Plaintiff take nothing by his pretending causes of action.

2. That Defendant be awarded judgment in their favor.

3. That Defendant be awarded costs, disbursement, witness fees and reasonable

attorneys' fees incurred herein.

4. That such further and other relief the Court may deem just, fair and equitable under the

circumstances.

MESHBESHER & SPENCE, LTD.


Dated: December 11, 2006.            /s/ Daniel J. Boivin_____
                                     Daniel J. Boivin
                                     Attorney Reg. 135215
                                     1616 Park Ave. S.
                                     Minneapolis, MN 55404
                                     Telephone (612) 339-9121
                                     *ATTORNEYS FOR DEFENDANT*

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that sanctions may be imposed pursuant to
Minn. Stat. § 549.211 to the party against whom the allegations in this pleading are asserted.


Dated: December 11, 2006.            By /s/ Daniel J. Boivin_____
                                     Daniel J. Boivin

5